**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

v.

MID MICHIGAN HOME HEALTH &
HOSPICE LLC,

          Defendant.

Civil Action No.:
Honorable:


COMPLAINT AND JURY
TRIAL DEMAND

_____/

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race (black) and retaliation, and to provide appropriate relief to TyRhonda Goodman ("Goodman"), who was adversely affected by such practices. As alleged with greater

1

particularity in paragraph 12 below, the EEOC alleges that ,Defendant, Mid Michigan Home Health & Hospice LLC ("Defendant"), has engaged in race discrimination against Goodman by subjecting her to different terms and conditions of employment. As alleged with greater particularity in paragraph 13 below, the EEOC further alleges that Defendant violated Title VII by terminating her employment in retaliation for complaining about racial discrimination.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.     The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3.     Plaintiff Equal Employment Opportunity Commission ("the

Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all times, Defendant has continuously been a company under the laws of the State of Michigan, doing business in the city of Flint, Michigan, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than 30 days prior to the institution of this lawsuit Goodman filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.     On August 20, 2025, the Commission issued to Defendant a Letter of Determination regarding Goodman's charge, found reasonable cause that Title VII was violated, and invited Defendant to join with the Commission in informal methods of conciliation to

3

endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to Goodman's charge of discrimination.

10.     On November 14, 2025, the Commission issued a Notice of Failure of Conciliation to Defendant.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     From April through June of 2023, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. §§2000e-2 & 2000e-3(a). These unlawful employment practices included, but were not limited to the following:

a.     Defendant engaged in race discrimination against

4

Goodman at its Flint, Michigan, location by subjecting her to different terms and conditions of her employment because of her race (black);

b.      At all relevant times, Asif Zeeshan ("Zeeshan") was the owner and highest ranking employee on site at Defendant's Flint location;

c.      Goodman was hired as a certified nursing assistant (CNA) on or about April 12, 2023. Her principal duties were to provide in-home bathing assistance to Defendant's clients.

d.      At the time of her hire, Goodman made clear she wanted to work full-time (40 hours per week) or as close to full-time as possible.

e.      Goodman was hired as a part-time employee.

f.      On or about May 10, 2023, Defendant hired a white CNA.

g.      The white CNA immediately began receiving more hours than Goodman.

h.      Goodman questioned Defendant's Human Resources Director and Field Operations Manager as to why the new white

5

employee was receiving more hours than she was.

i.      Goodman was told that the new white employee could go places she could not and that patients from Grand Blanc "are from old times" and "don't care for black people."

j.      Between May 12 and June 14, 2023, Defendant assigned Goodman to one appointment in Grand Blanc. During the same period, Defendant assigned the newer white employee to over 30 appointments in Grand Blanc.

k.      Goodman lived approximately 9 miles from Grand Blanc; the newer white employee lived approximately 26 miles from Grand Blanc.

l.      During the entire time she worked for Defendant, Goodman made 5 visits to Grand Blanc. During that same time frame, the newer white employee and two other white employees made over 135 combined visits to Grand Blanc. Goodman lived closer to Grand Blanc than two of the white employees and roughly equidistant to the third.

m.      Goodman was scheduled to make visits to patients in Jackson, approximately 90 miles away, with more frequency than

6

she was scheduled to visit patients in Grand Blanc.

n.      Goodman frequently was forced to use her own car to drive to patient visits and was not paid mileage or gas.

o.      Defendant avoided assigning Goodman patients in Grand Blanc and gave her fewer and less desirable assignments because she is black.

p.      Goodman incurred more out of pocket costs because the assignments she received from Defendant were based on her race.

q.      Between May 12 and June 14, 2023, Goodman complained repeatedly to Zeeshan, the Field Operations Director, or the Human Resources Manager about losing work assignments and hours based on her race.

r.      On June 11, Defendant's Field Operations Director, who typically assigned home visits to the CNA's, advised Goodman via text that she was rearranging the schedule to give her full-time hours.

s.      On June 11, the Field Operations Director assigned Goodman three visits to patients in Grand Blanc on June 12.

7

t.     Late on June 11 or early on June 12, Zeeshan removed the Grand Blanc visits from Goodman and reassigned them to a white employee.

u.     On June 12, Goodman complained again to Defendant's Human Resources Director about the Grand Blanc visits being removed and expressed her belief that she lost those visits because of her race.

v.     Defendant fired Goodman via text message on June 14, 2023, claiming her termination was due to a lack of work.

w.     Defendant fired Goodman on June 14, 2023, in retaliation for her complaints about race discrimination.

14.   The effect of the practices complained of above has been to deprive Goodman of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and because she complained of discrimination.

15.   The unlawful employment practices complained of above were intentional.

16.   The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally

8

protected rights of Goodman.

## **<u>PRAYER FOR RELIEF</u>**

Wherefore, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting employees to different terms and conditions of employment based on their race;

B.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees based on their opposition to any employment practice made unlawful under Title VII;

C.     ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees and employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices;

D.     ORDER Defendant Employer to make whole Goodman by providing appropriate backpay with prejudgment interest, in

amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.    ORDER Defendant Employer to make whole Goodman by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 12 above, in amounts to be determined at trial;

F.    ORDER Defendant Employer to make whole Goodman by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 12 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G.    ORDER Defendant Employer to pay punitive damages to Goodman for its malicious and reckless conduct described in paragraph 12 above, in amounts to be proven at trial;

H.    GRANT such further relief as the Court deems necessary and proper in the public interest.

I.    AWARD the Commission its costs of this action.

10

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

CATHERINE ESCBACH
Principal Deputy General
Counsel

CHRISTOPHER LAGE
Deputy General Counsel


_____/s/ Kenneth Bird_____
KENNETH BIRD
Regional Attorney

OMAR WEAVER (P58861)
Assistant Regional Attorney

_____/s/ Miles L. Uhlar_____
MILES L. UHLAR (P65008)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT FIELD OFFICE
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 774-0015


February 24, 2026